PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 03-4023

RALPH HOWARD RICH,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-01-319)

Argued: June 5, 2003

Decided: July 15, 2003

Before WILKINS, Chief Judge, WIDENER, Circuit Judge,
and Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by published per curiam opinion.

## COUNSEL

**ARGUED:** Amy Leigh Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Michael James Elston, Assistant United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Frank W. Dunham, Jr., Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Sara

E. Flannery, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

## OPINION

PER CURIAM:

Defendant Ralph Howard Rich was indicted in the Eastern District of Virginia for willfully and unlawfully failing to pay court-ordered child support for more than two years and in an amount greater than $10,000 in violation of the Child Support Recovery Act, 18 U.S.C. § 228, as amended by the Deadbeat Parents Punishment Act, 18 U.S.C. § 228(a)(3) (Supp. 1999). The defendant moved to dismiss the indictment on the ground that 18 U.S.C. § 228 was an unconstitutional exercise of Congress's Commerce Clause power. The district court denied the motion, reasoning that it was bound by the Fourth Circuit decision of *United States v. Johnson*, 114 F.3d 476, 480 (4th Cir. 1997), in which this court held that the Child Support Recovery Act is a proper exercise of Congress's Commerce Clause power because a state child support order is a "thing in interstate commerce" when the obligated parent and dependent child reside in different states. Following this denial, the defendant entered into a plea agreement under which he was sentenced to eighteen months imprisonment.

On appeal, the defendant has asked us to reconsider our opinion in *Johnson* in light of the recent Supreme Court decisions in *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Jones*, 529 U.S. 848 (2000). Because we do not construe *Morrison* or *Jones* to establish a change in the law that requires us to overrule the previous decision of another panel of this court, we decline to reconsider our decision in *Johnson*. *See United States v. Najjar*, 300 F.3d 466, 486 n.8 (4th Cir. 2002).

Accordingly, the judgment of the district court is

*AFFIRMED.*

PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RALPH HOWARD RICH,
*Defendant-Appellant.*

No. 03-4023

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-01-319)

Argued: June 5, 2003

Decided: July 15, 2003

Before WILKINS, Chief Judge, WIDENER, Circuit Judge,
and Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by published per curiam opinion.

## COUNSEL

**ARGUED:** Amy Leigh Austin, Assistant Federal Public Defender,
Richmond, Virginia, for Appellant. Michael James Elston, Assistant
United States Attorney, Alexandria, Virginia, for Appellee. **ON
BRIEF:** Frank W. Dunham, Jr., Federal Public Defender, Richmond,
Virginia, for Appellant. Paul J. McNulty, United States Attorney, Sara

E. Flannery, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

## OPINION

PER CURIAM:

Defendant Ralph Howard Rich was indicted in the Eastern District of Virginia for willfully and unlawfully failing to pay court-ordered child support for more than two years and in an amount greater than $10,000 in violation of the Child Support Recovery Act, 18 U.S.C. § 228, as amended by the Deadbeat Parents Punishment Act, 18 U.S.C. § 228(a)(3) (Supp. 1999). The defendant moved to dismiss the indictment on the ground that 18 U.S.C. § 228 was an unconstitutional exercise of Congress's Commerce Clause power. The district court denied the motion, reasoning that it was bound by the Fourth Circuit decision of *United States v. Johnson*, 114 F.3d 476, 480 (4th Cir. 1997), in which this court held that the Child Support Recovery Act is a proper exercise of Congress's Commerce Clause power because a state child support order is a "thing in interstate commerce" when the obligated parent and dependent child reside in different states. Following this denial, the defendant entered into a plea agreement under which he was sentenced to eighteen months imprisonment.

On appeal, the defendant has asked us to reconsider our opinion in *Johnson* in light of the recent Supreme Court decisions in *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Jones*, 529 U.S. 848 (2000). Because we do not construe *Morrison* or *Jones* to establish a change in the law that requires us to overrule the previous decision of another panel of this court, we decline to reconsider our decision in *Johnson. See United States v. Najjar*, 300 F.3d 466, 486 n.8 (4th Cir. 2002).

Accordingly, the judgment of the district court is

*AFFIRMED.*